UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALEXANDER STROSS<br><br>    **Plaintiff,**<br><br>vs.<br><br>JOSHUA RICE d/b/a<br>RICE LAW OFFICE<br><br>    **Defendants** | CIVIL ACTION # 1:23-cv-00027 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Alexander Stross, by and through his undersigned attorneys, respectfully alleges as follows for his complaint against Defendant Joshua Rice d/b/a Rice Law Office.

## PARTIES

1. Plaintiff Alexander Stross ("Plaintiff" or "Stross") is an individual residing in Garden Ridge, Texas.

2. Defendant Joshua Rice ("Defendant" or "Rice") is an individual believed to be living in Angleton, Texas, and upon information and belief may be served at Rice and Sanes, LLP, 100 N. Velasco Street, Angleton, Texas 77515, or wherever he may be found.

## NATURE OF THE CLAIMS

3. This is an action for copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA"), arising in connection with the unauthorized commercial exploitation of one of Plaintiff's architectural photographs on Defendant's website.

## JURISDICTION AND VENUE

4. This action arises under 17 U.S.C. §§ 101 *et seq*. (the U.S. Copyright Act). The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and § 1338(a) (copyrights).

5. This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and because the Defendant may be found in this District.

## CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

7. Alexander Stross is an accomplished professional photographer whose work focuses on architectural and landscape photography. His works have appeared in notable publications, such as People, Country Living, Luxury Home Magazine, Luxe, Refine and New Home Guide; as well as appearing on billboards, online advertising, and on broadcast shows, including the Today Show and Yahoo! News with Katie Couric.

8. Joshua Rice is an attorney practicing in Angleton, Texas that, upon information and belief, previously operated Rice Law Office in Austin, Texas.

9. Stross is the sole author and creator of the photo at issue in this action (the "Photo"), depicting the iconic Stevie Ray Vaughan statue on Lady Bird Lake in Austin, Texas. A copy of the Photo is set forth on the following page.



10. The Photo was timely registered with the U.S. Copyright Office, which issued registration number VAu 1-088-759, effective November 10, 2011. ("**Exhibit 1**").

11. In an apparent effort to coattail on the Austin-centric feel of Stross' Photo, Defendant prominently featured it on the home page of his website at https://ricelawoffice.com, as shown below—without any authorization or license to do so.



12. In addition to using Stross' Photo without authorization, Defendant carefully cropped Stross' copyright notice, which appeared at the bottom of the Photo as illustrated below.



13. Upon information and belief, the alteration of Stross' Photo was no accident. Defendant Joshua Rice has marketed himself as an "entertainment lawyer," and is therefore presumably aware of copyright laws. In light of the foregoing, it is reasonably believed that Stross' copyright notice was removed in a deliberate effort to conceal and/or facilitate the infringement of his copyrights.

14. On August 3, 2022, Stross placed Defendant on notice of his unauthorized use of the Photo and followed-up several times in a good faith effort to resolve his claims for copyright infringement. Although Defendant eventually removed the Photo from the website, he otherwise ignored Stross' communications, thereby compelling him to bring this suit.

## COUNT 1: COPYRIGHT INFRINGEMENT

15. Stross realleges and incorporates herein the foregoing paragraphs.

16. By his actions alleged above, Defendant Joshua Rice has infringed Stross' copyrights in the Photo. Specifically, by copying, displaying distributing and otherwise exploiting the Photo on its website, Rice has infringed Stross' exclusive rights set forth in 17 U.S.C. § 106.

17. Defendant's actions constituted willful infringement of Stross' copyrights inasmuch as he knew, or had reason to know, that his use of Plaintiff's Work was unauthorized; and/or because he acted with reckless disregard of Plaintiff's copyrights. For instance, Rice is a sophisticated and experienced attorney who has marketed himself as an "entertainment lawyer,"

and is therefore presumably aware of copyright laws.[1] In addition to the foregoing, the intentional removal of Stross' copyright notice strongly suggests that the infringement was willful. *See, e.g., Reilly v. Plot Commerce*, No. 15-CV-05118 (PAE) (BCM), 2016 U.S. Dist. LEXIS 152154, at *24 (S.D.N.Y. Oct. 31, 2016).

18. As a result of the foregoing, Plaintiff is entitled to actual damages, plus Defendant's profits; and/or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court.

## COUNT 2: DMCA VIOLATION

19. Stross realleges and incorporates herein the foregoing paragraphs.

20. Upon information and belief, Defendant Joshua Rice has violated Section 1202 of the Digital Millennium Copyright Act by removing Stross' so-called copyright management information ("CMI"), consisting of his copyright notice. Courts recognize that the removal of CMI is a serious violation of copyright because it deprives the copyright owner of professional recognition, and makes it easier for other potential infringers to compound that injury. *See Reilly*, 2016 U.S. Dist. LEXIS 152154, at *21-22, quoting Russell W. Jacobs, *Copyright Fraud in the Internet Age*, 13 Colum. Sci.& Tech. L. Rev. 97, 147 (Feb. 15, 2012) (section 1202 of the DMCA protects a copyright owner's "rights of integrity and attribution," which in turn protect against "the widespread dispersion of inauthentic copies"). Upon information and belief, Defendant's actions

---

[1] *See Lance v. Freddie Records, Inc.*, 986 F.2d 1419 (5th Cir. 1993), [published in full-text format at 1993 U.S. App. LEXIS 40601, at *5-6 (5th Cir. 1993) (unpublished) (affirming a willful-infringement finding because the defendant had 20 years of experience in the music industry and "was quite familiar with the applicable copyright laws."); *Twin Peaks Prods., Inc. v. Publications Intern., Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993) (finding that a publisher willfully infringed and rejecting the argument that the publisher did not realize the work was copyrighted given its industry experience).

were committed knowingly, and with the intent to induce, enable, facilitate and/or conceal infringement.

21. As a result of the foregoing, Plaintiff is entitled to actual damages plus Defendant's profits; or in the alternative, statutory damages for each violation in an amount no less than $2,500 and no more than $25,000, plus costs and attorney's fees. 17 U.S.C. § 1203(b)(4), (5) & (c).

## PRAYER

Plaintiff prays for:

A. An order that Defendant and all persons under his direction, control, permission or authority be enjoined and permanently restrained from exploiting the photographs at issue;

B. For each work infringed, an award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C. For each violation of the Digital Millennium Copyright Act, an award of statutory damages under 17 U.S.C. § 1203(c);

D. An award to Plaintiff of his reasonable costs and attorney's fees under 17 U.S.C. §§ 505 and 1203(b)(4) & (5);

E. Prejudgment and post-judgment interest on any damage award as permitted by law; and

F. Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Respectfully submitted,

**AMINI & CONANT, LLP**
408 West 11th Street, Fifth Floor
Austin, Texas 78701
t: (512) 222-6883
f: (512) 900-7967
service@aminiconant.com


By: /s/ R. Buck McKinney
R. Buck McKinney
Texas Bar No. 00784572
buck@aminiconant.com
*Counsel for Plaintiff*